<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4834**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HERBERT EUGENE PULLIAM,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:10-cr-00445-NCT-2)

Submitted: April 27, 2012        Decided: June 8, 2012

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant. Graham Tod Green, Assistant United States Attorney, Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herbert Eugene Pulliam appeals his conviction and 156-month sentence following his guilty plea to conspiracy to distribute crack cocaine. On appeal, Pulliam's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Pulliam's prior conviction in North Carolina for possession with intent to manufacture a controlled substance qualifies as a predicate felony offense for the enhanced sentence and for purposes of the career offender Guideline. Pulliam was advised of his right to file a pro se supplemental brief but did not file one. Finding no error, we affirm.

Pulliam questions whether his sentence was procedurally reasonable. In reviewing a sentence, this court must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007).

Pulliam challenges the computation of his Guidelines range. Because the state drug conviction at issue was consolidated with another crime for sentencing purposes, Pulliam asserts that a reviewing court is not able to determine with

2

certitude whether his actual sentence for the state drug conviction amounted to more than one year. Citing United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), Pulliam maintains that he might have received an actual custodial sentence of one year or less for that offense and therefore the conviction should not qualify as a predicate felony offense for the career offender enhancement.

Pulliam's argument rests on a misinterpretation of Simmons. The rule announced in Simmons does not compel us to look to the actual sentence imposed on a defendant. See id. at 243; see also United States v. Thompson, No. 11-5059, 2012 WL 1592991, at *2 ("Pursuant to Simmons, in evaluating whether a defendant's prior state conviction qualifies as a felony under the ACCA, the actual sentence imposed is irrelevant."). Instead, we focus on the maximum sentence that the defendant before the court could have received. Here, Pulliam does not dispute that he was eligible for a sentence exceeding one year. He accordingly fails to raise a successful challenge under Simmons.

Upon review, we conclude that the district court committed no procedural or substantive error in sentencing Pulliam to 156-months' imprisonment, a sentence below the applicable Sentencing Guidelines range. See United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (providing standard of

3

review); see also United States v. Jackson, 598 F.3d 340, 345 (7th Cir.) ("A below-guidelines sentence, like a within-guidelines one, is presumed reasonable against a defendant's challenge that it is too high."), cert. denied, 131 S. Ct. 435 (2010).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Pulliam, in writing, of his right to petition the Supreme Court of the United States for further review. If Pulliam requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pulliam. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED